Lynch, J.
 

 Appeal, by permission, from an order of the Family Court of Cortland County (Campbell, J.), entered October 6, 2015, which, in a proceeding pursuant to Family Ct Act article 6, denied respondents’ motion to dismiss the petition.
 

 After entering into an “Embryo Donation Agreement,” petitioner Korisa DD. gave birth to a son in 2006 (hereinafter the older child) through in vitro fertilization, utilizing ova donated by respondent Michelle EE. and sperm donated by petitioner Wayne DD., Korisa DD.’s husband. Through the same fertilization process, Michelle EE. gave birth to a son in 2007 (hereinafter the younger child), who is the genetic sibling of the older child. Petitioners maintain that the two children are aware of the genetic relationship, referring to each other as “bro,” and have developed a close familial relationship. Pursuant to a May 2014 consent order issued in a separate Family Court proceeding, Michelle EE. was permitted to relocate to Kentucky with the younger child. Further, Michelle EE. and her then spouse, respondent Michael FF., agreed that they would have joint custody of the younger child, with Michael FF. having defined parenting time in New York during school breaks and over the summer.
 
 *
 
 Michelle EE. moved to Kentucky with the younger child in June 2014.
 

 In July 2015, petitioners commenced this proceeding on behalf of their son seeking sibling visitation pursuant to Family Ct Act § 651 (b). Michelle EE. moved to dismiss the petition for lack of subject matter jurisdiction, contending that, under the Uniform Child Custody Jurisdiction Enforcement Act (see Domestic Relations Law art 5-A [hereinafter UCCJEA]), New York is no longer the “home state” of the younger child (Domestic Relations Law § 75-a [7]) because the younger child has lived in Kentucky since June 2014. Family Court denied the motion, finding that it had subject matter jurisdiction pursuant to Family Ct Act § 651 (b). This appeal ensued, upon permission of the Court, and we affirm.
 

 Under the UCCJEA, a court of this state has jurisdiction to make an initial child custody determination only if, as pertinent here, New York is the child’s home state (see Domestic Relations Law § 76 [1] [a]). An initial determination “means the first child custody determination concerning a particular child” (Domestic Relations Law § 75-a [8]), which includes a visitation order (see Domestic Relations Law § 75-a [3]). We recognize that the younger child has resided in Kentucky for more than six months, making that state his home state under the UCCJEA (see Domestic Relations Law § 75-a [7]). As noted by Family Court, however, simply focusing on the home state of one child would effectively deprive each state of initial jurisdiction in this matter. The operative distinction here is that the issue of visitation concerns both children, and New York is unquestionably the home state of the older child. Moreover, Family Court has retained continuing jurisdiction over the younger child through the consent order providing respondents with joint custody of the younger child, who has had significant contacts with New York (see Domestic Relations Law § 76-a [1] [a]). Although not determinative, it is important to recognize that the Embryo Donation Agreement included a “Choice of Law and Jurisdiction” provision specifying that the agreement “shall be governed by, construed and enforced in accordance with the laws of the State of New York” (see Matter of Eldad LL. v Dannai MM., 155 AD3d 1336, 1338 [2017]). In this context, we conclude that Family Court properly retained jurisdiction over the petition.
 

 To hold otherwise would compromise each child’s statutory right to sibling visitation. Specifically, “[w]here circumstances show that conditions exist which equity would see fit to intervene, a brother or sister or, if he or she be a minor, a proper person on his or her behalf of a child . . . , may apply to . . . [F]amily [C]ourt pursuant to [Family Ct Act § 651 (b)] [,] and . . . the court, by order, after due notice to the parent . . . having the care, custody, and control of such child, . . . may make such directions as the best interest of the child may require, for visitation rights for such brother or sister in respect to such child” (Domestic Relations Law § 71). “When initiated in . . . [F]amily [C]ourt, the . . . court has jurisdiction to determine, in accordance with [Domestic Relations Law § 240 (1)] and with the same powers possessed by . . . [S]upreme [C]ourt in addition to its own powers, habeas corpus proceedings and proceedings brought by petition and order to show cause, for the determination of the . . . visitation of minors” (Family Ct Act § 651 [b]). The petition to establish visitation between these two children falls squarely within the embrace of these statutory provisions.
 

 Garry, J.R, Clark, Aarons and Pritzker, JJ., concur.
 

 Ordered that the order is affirmed, without costs.
 

 *
 

 This Court takes judicial notice of the order obtained from the Cortland County Family Court.